[Crim. No. 515.   Fourth Appellate District.—October 24, 1938.]

THE PEOPLE, Respondent, v. E. W. SANDERS, Appellant.

J. M. Lopes for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged with driving an automobile while under the influence of intoxicating liquor, with a prior conviction of the same offense, and, in a second count, with operating a motor vehicle while his operator's license was suspended. He admitted the charge of prior conviction and pleaded not guilty to the other charges. A jury found him guilty on both counts and he has appealed from the judgment and from an order denying a motion for a new trial.

It is first contended that the evidence is not sufficient to support the verdict and judgment with respect to the charge of driving an automobile while under the influence of intoxicating liquor. The only argument upon this point is that a doctor, who examined the appellant immediately after his arrest, was prejudiced against him, a fact not borne out by the record, and that the two arresting officers in their testimony "gave plenty of facts, but no foundation for their facts". It would serve no useful purpose to review the evidence on this charge, which amply sustains the judgment thereon. The evidence is not only sufficient, but it is inconceivable that the jury could have had any doubt as to the appellant's guilt, especially after hearing his testimony.

It is next contended that the court erred in admitting in evidence a certified copy of an order issued by the director of the department of motor vehicles suspending an operator's license which previously had been issued to the appellant. No reason or argument is advanced as to why it was error to admit this evidence. It was material to the charge set forth in the second count and the sufficiency of the certification is not attacked.

The last point raised is that the court erred in denying a motion for a new trial. Three affidavits which were submitted are relied upon and the contention seems to be that these were sufficient to compel the granting of a new trial on the ground of newly discovered evidence. In none of the affidavits is it stated that the affiant would testify to anything in the event of a new trial being granted. With respect to two of the affidavits any possible testimony was merely cumulative, testimony to the same effect having been given at the trial. The third affidavit was that of another doctor

who examined the appellant between nine and ten hours after he was arrested. The appellant, naturally, had knowledge of the fact that such an examination was made. No attempt whatever was made to show that any of this evidence was not known before the trial or to show that it could not have been produced. No abuse of the discretion resting with the trial court is shown.

The judgment and order appealed from are affirmed.

Marks, J., and Griffin, J., concurred.